UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil Action No.:
JUAN TORRES,

<em>Plaintiff</em>,

-against-                                                                                        **COMPLAINT**

PALAGONIA BAKERY CO. INC., AND
CHRISTOPHER PALAGONIA, AS PLAN
ADMINISTRATOR AND FIDUCIARY OF THE
EMPLOYEE BENEFIT PLAN FOR PALAGONIA
BAKERY CO., INC.

<em>Defendants.</em>
------------------------------------------------------------------X

Plaintiff JUAN TORRES, by and through his attorneys, Egan & Golden, LLP, alleges as follows:

## INTRODUCTION

1.      This is an action for declaratory, equitable, and monetary relief based upon Defendants' violations of Section 405, 406, 409, and 502 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA") (29 U.S.C. §§1001 *et seq.*).

2.      Plaintiff brings his first claim for relief against Defendant Palagonia Bakery Co., Inc. ("Palagonia Bakery"), for failure to pay benefits promised under the terms of Palagonia Bakery Employee Benefit Plan.

3.      Plaintiff brings his second claim for relief against Defendant Christopher Palagonia ("Palagonia") for breach of fiduciary duties to Plaintiff.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction pursuant to 29 U.S.C. § 1331.

5.      Venue is based on 29 U.S.C. § 1132(e)(2) and because this is the district in which

the breach took place, and upon information and belief, is the principal place of business for Defendant Palagonia Bakery and where Defendant Christopher Palagonia resides..

## PARTIES

6. Plaintiff, Juan Torres ("Plaintiff") is a "person" within the meaning of 29 U.S.C. § 1002(9).

7. At all times relevant herein, Plaintiff was an "employee" of Palagonia Bakery within the meaning of 29 U.S.C. § 1002(6).

8. At all times relevant herein, Plaintiff was a "participant" as defined in 29 U.S.C. § 1002(7) under Defendant's Employee Benefits Plan.

9. Defendant Palagonia Bakery is domestic corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 508 Junius Street, Brooklyn, NY 11212.

10. At all times relevant herein, Defendant Palagonia Bakery was an "employer" and a "person" within the meaning of 29 U.S.C. §§ 1002(5) and 1002(9).

11. Upon information and belief, the Defendant maintained an Employee Benefit Plan, as defined under ERISA, 29 U.S.C. §§ 1002(2) and (3).

12. Upon information and belief, Defendant Palagonia was and is the administrator of the Palagonia Bakery Employee Benefits Plan and a fiduciary within the meaning of 29 U.S.C. § 1002(16)(A).

13. Upon information and belief, and at all times relevant herein, , Defendant Christopher Palagonia was a Principal of Palagonia Bakery.

14. Defendant Christopher Palagonia was an "employer" and a "person" within the meaning of 29 U.S.C. §§ 1002(5), 1002(9).

15. Upon information and belief, Christopher Palagonia was and is the administrator of the Palagonia Bakery Employee Benefits Plan and a fiduciary, within the meaning of 29 U.S.C. § 1002(16)(A).

16. Upon information and belief, Defendant Christopher Palagonia had the authority and discretion to manage and control assets of the plan within the meaning of ERISA, 29 U.S.C. § 1103(a).

17. Defendant Christopher Palagonia was a "fiduciary" within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

## FACTS

18. At all times relevant herein, Plaintiff and his covered family members were participants of the Palagonia Bakery Employee Benefit Plan.

19. Upon information and belief, Defendant Palagonia Bakery made weekly payments on behalf of Plaintiff as contributions towards the Employee Benefit Plan.

20. Plaintiff reasonably believed he and his immediate family members (i.e., Plaintiff's wife) had health care coverage under the Plan because Defendants advised Plaintiff that the Plan would be effective up to and including February 29, 2018. This coverage information was confirmed with the Defendants' medical insurance provider, CareConnect Insurance Company Inc. ("CareConnect"), and Plaintiff's 2017 IRS Form 1095-B. (CareConnect Certificate of Coverage and 1095-B) copies of which are annexed hereto as "Exhibit A").

21. On or about December 22, 2017 Plaintiff received a letter from CareConnect advising that the group's medical coverage with CareConnect would end as of February 29, 2018. A copy of the letter is annexed hereto as "Exhibit B".

22. During the period of December 1, 2017 through February 28, 2018, Plaintiff and

3

his covered family members sought medical care from various medical providers for medically necessary care.

23. CareConnect remitted payment for the covered claims to the Plaintiff's health care providers pursuant to the contracted rates.

24. Beginning on or about August 9, 2018, CareConnect began recouping previously paid claims from the Plaintiff's health care providers.

25. Following CareConnect's recoupment of previously paid claims, Plaintiff began receiving invoices from the providers for the medical care provided to Plaintiff and his covered family members for those medical services.

26. Upon receipt of the invoices, Plaintiff called CareConnect to question why it recouped the payment previously paid to the Plaintiff's health care providers. Plaintiff was advised by CareConnect that it terminated Plaintiff's eligibility retroactively to December 31, 2017 because Defendants failed to make the final quarterly premium payment to CareConnect.

27. Plaintiff inquired of the Defendants on numerous occasions, but Defendants failed to provide any proof or other adequate information to rebut what he had been told by CareConnect. Simply, Defendants could not provide any evidence or adequate proof that they had paid the insurance premiums for the final quarter which would have kept Plaintiff's health insurance coverage in place for that time period.

28. Upon information and belief, some of the Plaintiff's health care providers have referred Plaintiff's delinquent account to a collection agency, which will have a negative impact in Plaintiff's credit history.

29. On or about February 11, 2019, Plaintiff's counsel sent a letter via certified mail to Palagonia Bakery demanding reimbursement for all medical bills incurred by Plaintiff from

December 1, 2017 through February 28, 2018, due to Palagonia Bakery's failure to make the required health insurance premium payments to CareConnect. Defendants have failed to answer or otherwise respond to said letter. . A copy of the letter is annexed hereto as "Exhibit C".

30. Defendants' failure to pay the premium payments is a violation of ERISA.

31. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages in an amount to be determined at trial.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
(ERISA Section 502(a)(1)(B): Failure to Pay Benefits)

32. Plaintiff realleges and reincorporates by reference all previous paragraphs as if more fully set forth herein.

33. Plaintiff was a "beneficiary" and a participant in the Employee Benefit Plan.

34. Defendant Christopher Palagonia was the administrator of the Employee Benefit Plan.

35. The Palagonia Bakery Employee Benefit Plan is a separate legal entity liable for the payment of benefits under ERISA, 29 U.S.C. § 1132(d).

36. Plaintiff seeks relief as provided by ERISA, including payment of benefits due to him, declaration of rights to benefits, retroactive benefits, attorneys' fees and costs, and such other relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
(ERISA Section 502(a)(2) and 409: Breach of Fiduciary Duties to the Employment Benefit Fund)

37. Plaintiff realleges and incorporates by reference all previous paragraphs with the same force and effect as if more fully set forth herein.

38. Defendant Christopher Palagonia was a fiduciary within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

39. Defendant's failure to pay premiums associated with the Palagonia Bakery Employee Benefit Plan resulted in the loss of health insurance benefits for Plaintiff and his covered family members.

40. Plaintiff seeks appropriate relief on behalf of the Palagonia Bakery Employee Benefit Plan to compel Defendants to (1) make restitution to the plan for losses resulting from the breach, and (2) be subject to other equitable or remedial relief deemed appropriate by the court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

a. As and for the First Claim for Relief: (a) payment of benefits due to Plaintiff, and reimbursement of any covered or uncovered medical costs and expenses incurred during the period of time when he should have been covered by the Palagonia Bakery Employee Benefit Plan; (b) declaration of Plaintiff's right to benefits; (c) retroactive benefits; (d) attorneys' fees, costs, interest, and such other relief as this Court deems just and proper.

b. As and for the Second Claim for Relief: (a) retroactive promised benefits owed to Plaintiff, and reimbursement of any covered or uncovered medical costs and expenses incurred during the period of time when he should have been covered by the Palagonia Bakery Employee Benefit Plan; (b) monetary relief for disgorgement; (c) restitution including attorneys' fees and costs, (d) interest to the date of judgment; (e) attorneys' fees, costs, and such other relief as the Court deems proper pursuant to ERISA 29 U.S.C. § 1132(g)(2).

Dated: May 10, 2019
       Patchogue, New York

                               **EGAN & GOLDEN, LLP**

                               _/s/ Michael Garabedian_
                               **Michael Garabedian (MG-8364)**
                               *Attorneys for plaintiff*
                               96 South Ocean Avenue
                               Patchogue, New York 11772
                               (631) 447-8100